**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| TRAVIS BOX, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOPE BAKING COMPANY, INC. AND EAST BAKING COMPANY, INC.,<br><br>Defendants. | Case No. 4:26-cv-04060-JTS<br><br>District Judge John Thomas Shepherd<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Travis Box ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees as defined herein, brings this suit against Hope Baking Company, Inc. and East Baking Company, Inc. ("Defendants"), and by way of this Class Action Complaint, alleging as follows:

## NATURE OF ACTION:

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by Plaintiff individually and on behalf of other similarly situated persons against Defendants, his employer for WARN Act purposes.

2. Upon information and belief, Defendants owned and operated a commercial baking business located at 2700 East Third Street, Hope, Hempstead County, Arkansas (the "Facility"). The Facility manufactured and distributed commercial bakery products, including bread, breadsticks, English muffins, and seasoned rolls.

3. Defendants abruptly terminated, unilaterally and without proper notice to employees or staff, upon information and belief, at least approximately 250 employees, which represents at least 33% of active full-time employees, including Plaintiff, who reported to the Facility. Other current and former employees have reported that the number of affected employees may have approached or exceeded 300.

4. Plaintiff was terminated on July 25, 2026, as part of a mass layoff or plant closing without sufficient notice.

5. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and were terminated as part of the mass layoff or plant closing ordered by Defendants on or around July 25, 2026, and within 90 days of that date, and who were not provided the requisite 60 days' advance written notice of his termination, as required by the WARN Act.

6. Plaintiff and the other similarly situated employees should have received the full protection afforded by the WARN Act.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

**PARTIES**

9. At all times relevant, Plaintiff was a member of the Class (as defined below).

10. Plaintiff Travis Box is a citizen of the United States and a resident of Hope, Arkansas. He was employed by Defendants at the Facility at all relevant times. He had been employed for over six months at the time of his termination and is an "aggrieved employee" within

the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Box was terminated without cause and did not receive 60 days' notice of his termination.

11. Defendant Hope Baking Company, Inc. is a domestic business corporation registered to do business in Arkansas, with its corporate headquarters located at 2700 East Third Street, Hope, Arkansas 71801. As registered with the Arkansas Secretary of State, Defendant Hope Baking Company, Inc. may be served through its registered agent, Billy Williams, 906 West 5th Street, Hope, Arkansas 71801.

12. Defendant East Baking Company, Inc. is a Massachusetts for-profit corporation with its corporate headquarters located at 104 Whiting Farms Road, Holyoke, Massachusetts 01040. As registered with the Massachusetts Secretary of State, Defendant East Baking Company, Inc. may be served through its registered agent, Danny Z. Serra, 104 Whiting Farms Road, Holyoke, Massachusetts 01040.

13. Upon information and belief, at all relevant times, Defendants employed well in excess of one hundred (100) full-time employees and constituted an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

14. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the Facility, where Plaintiff and the other similarly situated individuals worked, were based, reported, and received assignments.

15. Upon information and belief, Hope Baking and East Baking shared common ownership, common management, centralized control over labor relations, and interrelated operations.

16. Defendants made the decision to terminate employees, including Plaintiff and other similarly situated former employees, without providing 60 days' advance notice as required by the

WARN Act, terminating more than 50 employees and at least one-third of the workforce at the Facility.

## FACTS

17. Defendants acquired the former Southern Bakeries facility in March 2023 and publicly announced a $37 million expansion in January 2024 that was expected to create approximately 266 jobs, demonstrating that Defendants intended to continue long-term operations at the Facility before later deciding to cease operations.

18. The Facility is a commercial bakery located at approximately 2700 East Third Street, Hope, Hempstead County, Arkansas, where Defendants manufactured and distributed commercial bakery products, including bread, breadsticks, English muffins, and seasoned rolls.

19. Prior to the shutdown, Defendants issued communications regarding employee benefits, payroll deductions, company operations, and employment matters, evidencing centralized control over labor relations. Those communications were directed to employees at the Hope Facility via Defendants' company-controlled channels.

20. The communications reflected that employment-related policies and administrative matters affecting Hope Baking employees were managed or coordinated beyond the local management of the Facility.

21. Upon information and belief, East Baking communicated directly with Hope Baking employees regarding employee benefits, payroll deductions, and company operations using East Baking letterhead and employee communication platforms. Hope Baking was identified to employees as a member of the "East Baking Company Family of Bakeries."

22. Upon information and belief, Hope Baking and East Baking used common or coordinated employee communication systems, administrative resources, personnel policies, and management functions.

23. Publicly available corporate records further reflect overlapping officers and executive management between Hope Baking and East Baking. Danny Zina Serra is identified as holding multiple officer positions with Hope Baking, while Danny Z. Serra is identified as the President, Treasurer, Secretary, Director, and Registered Agent of East Baking. Upon information and belief, Danny Zina Serra and Danny Z. Serra are the same individual and served in senior executive positions for both Hope Baking and East Baking during the events alleged herein. Upon further information and belief, this overlapping leadership exercised authority over the operations, finances, personnel policies, labor relations, and material business decisions of both Hope Baking and East Baking.

24. Upon information and belief, Hope Baking depended upon East Baking or their common management for financial, administrative, operational, human-resources, and employment-related functions.

25. Until approximately July 18, 2026, Plaintiff and the other affected employees continued reporting for work and performing their assigned duties and were not informed that Defendants intended permanently to cease operations or terminate the workforce.

26. Plaintiff Travis Box worked at the Facility as a full-time Vemag Operator for approximately two years and, immediately before the shutdown, was training for a supervisory position. Plaintiff Box remained actively employed until Defendants announced the Facility's permanent shutdown. Plaintiff Box did not receive severance compensation and did not execute a separation agreement or release of claims relating to the termination of his employment.

27. On or about July 18, 2026, Defendants notified the employees, including Plaintiff, in writing that Hope Baking would permanently cease operations at the Facility on or about July 25, 2026, following a brief wind-down period.

28. Upon information and belief, the decision to permanently cease operations at the Facility and terminate Plaintiff and the other Class Members was made jointly by Hope Baking and East Baking or was otherwise directed, controlled, approved, or substantially influenced by East Baking.

29. Shortly before the shutdown, Defendants advised employees, including Plaintiff, that their employer-sponsored health coverage had terminated and that continuation coverage would not be available.

30. The written notice regarding the insurance provided to the Plaintiff on July 18th was issued on East Baking Company, Inc. letterhead:

EAST BAKING COMPANY

East Baking Company Inc.
104 Whiting Farms Road
Holyoke, MA 01040
Toll Free 877 – E – BAKE – 4 U
413-536-2311 FAX
www.eastbaking.com

July 18, 2026

**RE: Urgent Employee Communication**

Team,

We regret to inform you that our health coverage with our insurance carrier Cigna was cancelled effective last

31. The written closure notice did not reference the WARN Act, did not identify bumping rights, and did not identify a company representative or telephone number from whom employees could obtain additional information.

32. The written notice, retrieved from the same employee portal, issued on July 18, 2026, regarding the closure of the Facility was on letterhead from Hope Baking Company, Inc., but noted Hope Baking Company, Inc. was "part of the East Baking Company Family of Bakeries" and prominently listed East Baking Company's Holyoke, Massachusetts headquarters as the company contact address:




33. Upon information and belief, Hope Baking and East Baking operated as a single employer under the WARN Act through common management, centralized control of labor relations, common officers, and integrated operations:

a. Hope Baking and East Baking shared common ownership or common financial control.

b. Hope Baking and East Baking shared common directors, officers, executives, or other senior decisionmakers.

c. East Baking and the common management of both entities exercised de facto control over the decision that caused the WARN Act violation alleged in this action.

d. Hope Baking and East Baking maintained a unity of personnel policies originating from a common source, including common or coordinated employee communications and administration of employment-related matters.

e. Hope Baking and East Baking maintained dependent or interrelated operations, including common or coordinated financial, administrative, operational, and human-resources functions.

f. The degree of control exercised by East Baking and the common management of both entities extended beyond the ordinary relationship between separate and independent businesses.

g. Upon information and belief, Hope Baking lacked complete independence to make material financial, operational, and employment decisions concerning the Facility without the participation, approval, or direction of East Baking or their common management.

h. East Baking exercised centralized control over payroll, benefits administration, and personnel communications affecting Hope Baking employees.

i. Accordingly, Hope Baking and East Baking constitute a single employer and are jointly and severally responsible for the WARN Act obligations arising from the closure of the Facility.

34. Upon information and belief, Defendants likewise failed to provide the notices required by 29 U.S.C. § 2102(a)(2) to the Arkansas dislocated worker unit and the chief elected official of the local government in which the Facility was located. Defendants did not provide advance notice of the terminations as required by the WARN Act, even though they planned to abolish, terminate, or lay off at least 50 employees and 33% of the employees at the Facility.

35. Upon information and belief, no circumstances existed that would have permitted Defendants to reduce the notification period.

36. By failing to provide the required notice and other benefits to their affected employees who were terminated on or around July 25, 2026, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions did not violate the WARN Act.

**CLASS ACTION ALLEGATIONS**

37. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) on July 25, 2026, or within 90 days before or after July 25, 2026.

38. Class Action treatment of the WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the Class, including, inter alia, whether Defendants provided adequate notice of the mass layoff under the WARN Act. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class, and their claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively

represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

39. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants or because adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of nonparty Class Members.

40. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

41. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, et seq.**
**(WARN Act)**

42. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

43. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

44. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(5).

45. The July 25, 2026, terminations at the Facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least one-third of the employees and at least 50 employees at the Facility. Any ongoing terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

46. The WARN Act requires employers to provide 60 days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

47. Upon information and belief, Defendants did not provide prior written notice of the plant closing or mass layoff to the representatives of represented affected employees, or to unrepresented affected employees, including Plaintiff Box and those Plaintiff seeks to represent, as required by 29 U.S.C. § 2102(a)(1). Nor, upon information and belief, did Defendants provide sufficient written notice to the State entity designated to carry out rapid response activities under 29 U.S.C. § 3174(a)(2)(A), or to the chief elected official of the local government within which the mass layoff was ordered.

48. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff or plant closing, which began on or about July 25, 2026, as required by 29 U.S.C. § 2102(a).

49. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

50. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all similarly situated persons to seek relief for violations of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(a)(5).

51. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff they ordered did not violate the notice requirements of 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and appointment of Plaintiff as Class Representative of the Class;

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act;

4. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, the value of lost employee benefits, medical benefits, and other benefits recoverable under 29 U.S.C. § 2104(a)(1);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants have no reasonable grounds for believing that their mass layoff was not in violation of the notice requirements of the WARN Act;

6. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d); and

7. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Date: July 28, 2026

Respectfully submitted,

*s/ James A. Streett*
James A. Streett, ABA #2007092
STREETT LAW FIRM, PLLC
107 West Main
Russellville, AR 72801
Telephone: (479) 968-2030
Facsimile: (479) 968-6253
james@streettlaw.com

J. Gerard Stranch, IV (*Pro hac vice* forthcoming)
Mariah S. England (*Pro hac vice* forthcoming)
STRANCH JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mengland@stranchlaw.com

*Attorneys for Plaintiff and the Putative Class*