**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKNA DIVISION**

**TRAVIS BOX, individually and on behalf of those similarly situated,**

**PLAINTIFF**

**v. CASE NO. 4:26-CV-04060-JTS**

**HOPE BAKING COMPANY, INC.; and EAST BAKING COMPANY, NC.**

**DEFENDANTS**

**SEPARATE DEFENDANT HOPE BAKING COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Comes Separate Defendant, Hope Baking Company, Inc., (Hope Baking) by and through its counsel Friday, Eldredge & Clark, LLP, and for its Answer to Plaintiff's Complaint, state as follows:

1. The allegations in Paragraph 1 of Plaintiff's Complaint are introductory in nature and do not call for a response. Insofar as the allegations in Paragraph 1 of Plaintiff's Complaint attempt to state a cause of action or entitlement to class action certification, those allegations are denied.

2. Separate Defendant Hope Baking admits that it owned and operated a commercial bakery at the address stated. Separate Defendant otherwise denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Separate Defendant Hope Baking admits that it closed the facility in question on July 25, 2026, after an announcement and notice of the closure on July 18, due to dire financial circumstances and after unsuccessful efforts to secure financial resources up until the week of the announced closure. Separate Defendant admits that it laid off the employees at the facility in question as of July 25, 2026. Separate Defendant otherwise denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Separate Defendant Hope Baking admits that Plaintiff was laid off on or about July 25, 2026. Separate Defendant otherwise denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are introductory in nature and do not call for a response. Insofar as the allegations in Paragraph 5 of Plaintiff's Complaint attempt to state a cause of action or entitlement to class action certification, those allegations are denied.

6. Separate Defendant Hope Baking denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Separate Defendant Hope Baking does not object to this Court's jurisdiction. Insofar as the allegations in Paragraph 7 of Plaintiff's Complaint attempt to state a cause of action, those allegations are denied.

8. Separate Defendant Hope Baking does not object to venue in this district. Insofar as the allegations in Paragraph 8 of Plaintiff's Complaint attempt to state a cause of action, those allegations are denied.

9. Separate Defendant Hope Baking denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Separate Defendant Hope Baking is without sufficient knowledge to admit or deny the residency of Plaintiff and therefore denies those allegations. Separate Defendant admits that Plaintiff was employed at the facility at all relevant times and that he worked for over six months prior to his separation. Separate Defendant otherwise denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Separate Defendant Hope Baking admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Separate Defendant Hope Baking admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Separate Defendant Hope Baking admits that it employed in excess of one hundred (100) employees and is an "employer" under the WARN Act.

14. Separate Defendant Hope Baking admits that it conducted business in the district and operated the Facility. Separate Defendant otherwise denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Separate Defendant Hope Baking denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Separate Defendant Hope Baking admits that it made the decision to close the Facility and lay off the employees at the facility in light of dire adverse financial circumstances. Separate Defendant otherwise denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Separate Defendant Hope Baking admits that Separate Defendant East Baking Company, Inc. purchased the assets of Southern Bakeries in March 2024 and reorganized the Facility to operate as a newly formed, separate entity Hope Baking Company, Inc. Separate Defendant admits that it announced plans to expand the facility in January 2024. Separate Defendant otherwise denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Separate Defendant Hope Baking admits that it owns and operates the identified Facility, and that it manufactured and distributed the products listed in Paragraph 18. Separate Defendant otherwise denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Separate Defendant Hope Baking admits that it communicated with its employees on the matters listed in Paragraph 19. Separate Defendant otherwise denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Separate Defendant Hope Baking denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Separate Defendant Hope Baking admits that it was branded as a member of the East Baking Company Family of Bakeries. Separate Defendant otherwise denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Separate Defendant Hope Baking denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The publicly available corporate records speak for themselves. Separate Defendant Hope Baking admits that Danny Z. Serra was a key leadership executive for Separate Defendant Hope Baking. Separate Defendant otherwise denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Separate Defendant Hope Baking denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Separate Defendant Hope Baking admits that it employed Plaintiff and many other employees through July 18, 2026, and admits that it gave official notice of the plant closing on July 18, 2026, to the employees effective on July 25, 2026. Separate Defendant otherwise denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Separate Defendant Hope Baking admits that Plaintiff worked at the facility full-time as a Vemag Operator for two years, that he was training for a supervisory position, and that he did not receive severance or sign a release. Separate Defendant Hope Baking admits that it

announced the shutdown of the Facility. Separate Defendant otherwise denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Separate Defendant Hope Baking admits that it provided written notice to its employees of the Facility closure and that writing speaks for itself. Separate Defendant otherwise denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Separate Defendant Hope Baking denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Separate Defendant Hope Baking admits that it provided several written items of correspondence to its employees regarding the status of its group health insurance coverage, specifically on July 10, 15, and 18, 2026. Those items of correspondence communicate that the carrier had canceled coverage. Separate Defendant admits that written correspondence speaks for itself. Separate Defendant otherwise denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Separate Defendant Hope Baking admits the written correspondence on July 28, 2026, speaks for itself. Separate Defendant otherwise denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Separate Defendant Hope Baking admits the written correspondence providing notice of the closure of the facility speaks for itself. Separate Defendant otherwise denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Separate Defendant Hope Baking admits the written correspondence providing notice of the closure of the Facility speaks for itself. Separate Defendant otherwise denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Separate Defendant Hope Baking denies the allegations contained in Paragraph 33 of Plaintiff's Complaint, including all subparagraphs.

34. Separate Defendant Hope Baking denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Separate Defendant Hope Baking denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Separate Defendant Hope Baking denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. The allegations in Paragraph 37 of Plaintiff's Complaint do not call for a response. Insofar as the allegations in Paragraph 37 of Plaintiff's Complaint attempt to state a cause of action, entitlement to class action certification, or that the stated class is an appropriate class definition, those allegations are denied.

38. Separate Defendant Hope Baking denies the allegations contained in Paragraph 38 of Plaintiff's Complaint, including all subparagraphs.

39. Separate Defendant Hope Baking denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Separate Defendant Hope Baking denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Separate Defendant Hope Baking denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Separate Defendant Hope Baking re-alleges and incorporates by reference all responses to the preceding paragraphs as if set forth in full here.

43. Separate Defendant Hope Baking admits that it is an "employer" within the meaning of the WARN Act.

44. Separate Defendant Hope Baking denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Separate Defendant Hope Baking admits that over 50 employees and a third of the workforce were displaced when the Facility closed. Separate Defendant otherwise denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Separate Defendant Hope Baking denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, specifically that the WARN Act requires notice unequivocally in all circumstances.

47. Separate Defendant Hope Baking denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Separate Defendant Hope Baking denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Separate Defendant Hope Baking denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Separate Defendant Hope Baking admits the allegations contained in Paragraph 50 of Plaintiff's Complaint are a correct statement of law. Insofar as the allegations in Paragraph 50 of Plaintiff's Complaint attempt to state a cause of action or entitlement to class action certification, those allegations are denied.

51. Separate Defendant Hope Baking denies that any violations occurred and otherwise denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Separate Defendant Hope Baking denies the allegations in the Prayer for Relief of the Plaintiff's Complaint, including all subparagraphs.

53. Separate Defendant Hope Baking denies all other allegations in Plaintiff's Complaint not expressly admitted herein.

54. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

55. Separate Defendant Hope Baking states that if notice is deemed to be owed it is excused from the full notice period pursuant to the provisions of 29 U.S.C. §§ 2102(b)(1); (2)(A).

56. Separate Defendant Hope Baking denies that it violated the WARN Act. In the event that a violation is found, Separate Defendant East Baking states that the act or omission was in good faith, and the employer had reasonable grounds for believing that the act or omission was not a violation pursuant to 29 U.S.C. § 2104(a)(4).

57. This action should be dismissed pursuant to Fed. R. Civ. P. 12(b) and the first filed rule as another action with an identical claim and proposed class was filed on July 22, 2026. *Estrada v. Hope Baking Co., Inc.*, et al., U.S.D.C. Western District of Arkansas, Case No. 4:26-cv-04058-JTS. Plaintiff did not disclose or identify this related matter on his civil cover sheet.

58. Separate Defendant Hope Baking reserves the right to plead further, including asserting additional affirmative defenses as warranted after discovery in this matter.

WHEREFORE, having fully answered, Separate Defendant Hope Baking Company, Inc., prays that the Court dismiss Plaintiff's Complaint with prejudice, that he take nothing thereon, that the Court award Separate Defendant its attorney's fees and costs associated with the defense of this action, and for all other just and proper relief.

Respectfully submitted,

H. Wayne Young, Jr. (Ark. Bar No. 2003128)
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: 501-370-1402
Facsimile: 501-244-5305
Email: wyoung@fridayfirm.com

By: ______________________________
H. Wayne Young, Jr.
*Attorneys for Separate Defendant Hope Baking*

**CERTIFICATE OF SERVICE**

I, H. Wayne Young, Jr., do hereby certify that on this 4th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the Arkansas e-filing system and have served on attorney of record in this case.

______________________________